UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

04-CR-6063T

v.

**DECISION and ORDER**

THOMAS TERRELL LOFTON,

Defendant.

INTRODUCTION

On June 8, 2004, defendant Thomas Terrell Lofton was charged in a seven-count second superceding indictment with several violations including: (1) conspiracy to obstruct commerce by robbery or extortion in violation of 18 U.S.C. 1951(a); (2) three counts of unlawful use, carrying or brandishing of a firearm during the commission of a felony or crime of violence in violation of 18 U.S.C. 924(c)(1); (3) two counts of unlawful attempt to obstruct commerce by robbery or extortion in violation of 18 U.S.C. 1951(a); and (4) unlawful possession by a felon of a firearm in violation of 18 U.S.C. 924(a)(2) and 18 U.S.C. 922(g)(1).

By Order dated April 14, 2004, I referred this case to Magistrate Judge Marian W. Payson for pretrial proceedings. On February 9, 2005, the defendant filed an omnibus motion, seeking inter alia: (1) suppression of an identification of him made by a civilian witness. Specifically, the defendant contends that the show-up procedure during which he was identified was prejudicial,

and that discrepancies in the testimony regarding the show-up procedure demonstrate that the civilian witness was or could have been unduly influenced by other witnesses to identify him during the show-up procedure.

On April 5, 2005, Magistrate Judge Payson held a Wade hearing with respect to defendant's motion to suppress the identification evidence. Following the submission of post-hearing briefs by the parties, Judge Payson, on July 1, 2005 issued a Report and Recommendation recommending that defendant's motion to suppress be denied. Thereafter, on July 11, 2005, defendant timely filed objections to the Magistrate Judge's Report and Recommendation, contending that the judge erred in recommending that his motion to suppress be denied. Specifically, defendant argues that Judge Payson improperly overlooked alleged discrepancies in the testimony of officers and an investigator who testified at the Wade hearing. Defendant also contends that Judge Payson should have required Philip Barnes, ("Barnes") the civilian eyewitness who identified the defendant, to testify at the hearing.

For the reasons set forth below, I adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motion to suppress the identification evidence.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written

objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance. Cullen v. United States, 194 F.3d 401 (2nd Cir. 1999). I apply this standard to the following analysis.

BACKGROUND

Defendant objects to the identification of him by civilian Philip Barnes at the scene of a criminal investigation. The identification arose out of the investigation by police of an armed robbery at 141 Lapham Street in the City of Rochester by a man posing as a utility meter reader. Officer Cynthia Mull was the first officer to arrive at the scene, and she was met by a woman in the middle of the street indicating that the suspects "went that way." Shortly thereafter, an Officer Sneed radioed that he required assistance in apprehending two suspects on Lake Avenue, approximately one block away from 141 Lapham Street. Several

officers, and Investigator Brian Tucker, responded to the call for assistance, and the two suspects, who were lying on the ground next to a .38 caliber handgun and a Rochester Gas and Electric cap and clipboard, were taken into custody. The two men were placed in separate cars, and returned to the 141 Lapham Street area, where another officer, Mildred Witherspoon, had initiated an investigation of the robbery. As part of her investigation, Officer Witherspoon searched for witnesses to the incident. In doing so, she spoke to Philip Barnes, a resident of 137 Lapham Street, who told her that he had seen two men in a gold Honda drive past 141 Lapham Street twice. He identified one of the men as wearing a black "hoody", black pants, and tan boots.

Thereafter, Officer Stacey Winter spoke to Philip Barnes as he stood on his porch at 137 Lapham Street, and informed him that the police had two people that they would like Barnes to look at. Two patrol cars were brought to the area across the street from Barnes' home, and the suspects were removed from the cars individually. Barnes could not see the first suspect, and was thus unable to identify him. Barnes, however, was able to see the second suspect, the defendant in this case, and told Officer Winter "Yep, that was the guy that got out of the gold Honda, that's him." According to Winter, she was the only person on the porch with Barnes at the time he made his identification, and was the only officer to speak to Barnes about the identification procedure.

DISCUSSION

Defendant objects to the identification procedure on grounds that it was unduly suggestive, and objects to Judge Payson's Report and Recommendation on grounds that Judge Payson did not adequately consider the discrepancy between the testimony of investigator Tucker, who testified that there were "witnesses" on the porch when Barnes made his identification, and Officer Winter, who testified that only she and Barnes were on the porch during the show-up procedure. Defendant contends that Barnes may have been unduly influenced by other witnesses, and that Investigator Tucker's testimony suggests that more than one witness was on the porch during the show-up procedure.

After reviewing the record de novo, however, I concur with Judge Payson's findings and conclusions, and find that Judge Payson properly evaluated the testimony of the witnesses before her. While investigator Tucker's notes indicated that their were "witnesses" (in the plural) on the porch, that discrepancy with Officer Winter's testimony, that only she and Barnes were on the porch when the identification was made, is insufficient to create an inference that Barnes was unduly prejudiced by another person during the show-up procedure. Accordingly, I find that Judge Payson properly recommended that defendant's motion to suppress be denied, and that Judge Payson did not require Barnes' testimony to properly decide defendant's motion.

CONCLUSION

For the reasons stated in Judge Payson's Report and Recommendation, I deny defendant's motion to suppress identification evidence.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
______________________________
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
August 19, 2005