UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                              DECISION AND ORDER

                                                                                      04-CR-6063L
                                                                                      09-CV-6110L

            v.

THOMAS T. LOFTON,

                              Defendant.
_____

Defendant, Thomas T. Lofton ("Lofton"), was convicted after a jury trial of Hobbs Act robbery and related charges, and on May 17, 2006, was sentenced principally to 47 years imprisonment. On March 31, 2008, the United States Court of Appeals for the Second Circuit affirmed the conviction and sentence. 25 Fed. Appx. 30.

Lofton has now filed this motion to vacate the judgment pursuant to 28 U.S.C. § 2255 (Dkt. #152). Lofton also moved to amend the original motion (Dkt. #158) to add a claim of ineffective-assistance-of-counsel. The motion to amend is granted but the motion, as amended, is in all respects denied and the case dismissed.

None of the claims raised here by Lofton warrant relief. First of all, as the Government notes in its Response (Dkt. #156), Lofton's claim concerning the failure to establish the requisite interstate commerce connection was considered and decided adverse to Lofton by the Second Circuit

on the direct appeal. The Circuit noted that only a minimal showing is required and that the Government had met that burden. Furthermore, the Court found no error in this Court's instructions on the interstate commerce nexus.

Although Lofton suggests otherwise, his present claim, although packaged somewhat differently, is still, in essence, a challenge to the sufficiency of the Government's proof on the interstate commerce requirement. This matter was definitively resolved on direct appeal and Lofton may not relitigate the same matter in this section 2255 proceeding. Lofton has presented nothing whatsoever that is new or significantly different from what was advanced previously.

Lofton's amendment relating to ineffective assistance of counsel suffers the same fate. Lofton once again, under the mantel of ineffective-assistance-of-counsel, seeks to relitigate the interstate commerce element. Lofton is precluded from making such a claim.

In any event, Lofton has failed to establish either part of the two prong test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984) concerning ineffective-assistance claims. Lofton has failed to establish that counsel's performance was deficient in any respect or that he was prejudiced by counsel's actions. Lofton faces a heavy burden in establishing deficiencies in trial counsel's performance, and he has failed to carry that burden.

A review of the entire record demonstrates that Lofton's trial counsel vigorously defended Lofton on the various serious charges. The Government in its Response to the Motion to Amend (Dkt. #161 at p. 7) provides a summary list of the many things counsel did in defense of Lofton. They were thorough and substantial. To the extent counsel is chided for acts relating to the interstate

nexus, those items have been dealt with at trial and on direct appeal, as noted above. There was no ineffective assistance of counsel on this point either.

I have considered all the claims raised by Lofton in his original motion and in the motion to amend, and I find none of the matters warrant the relief that Lofton seeks. Therefore, the motion is denied and the case dismissed.

## CONCLUSION

The motion to amend (Dkt. #158), the original motion to vacate is granted.

As amended, defendant's motion to vacate (Dkt. #152) is in all respects denied and the case dismissed.

I decline to issue a certificate of appealability because Lofton has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 23, 2010.