UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS TERRELL LOFTON,

            Movant,

   -vs-

UNITED STATES OF AMERICA,

            Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-06324-MAT**

**Criminal Case**
**No. 6:04-cr-06063-MAT-MWP**

---

## I.    Introduction

Movant Thomas Terrell Lofton ("Lofton"), through counsel, has filed a Motion to Vacate Under 28 U.S.C. § 2255 ("§ 2255") (ECF #193). Lofton contends that his 18 U.S.C. § 924(c) convictions under Count II and Count VI of the second superseding indictment should be vacated because the predicate offenses for those counts—conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, respectively—are no longer crimes of violence following Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II") (holding that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague); United States v. Davis, 139 S. Ct. 2319 (2019) ("Davis") (holding that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague); and United States v. Barrett, 937 F.3d 126 (2d Cir. 2019) (holding that conspiracy to commit a Hobbs Act robbery is not a "crime of violence" sufficient to be a predicate offense to 18 U.S.C.

§ 924(c)). For the reasons discussed herein, the § 2255 Motion is granted in its entirety.

## II.   Factual Background and Procedural History

Following a jury trial before United States District Judge David G. Larimer, Lofton was convicted on November 16, 2005, on Counts I, II, III, V, VI, and VII of the Superseding Indictment (ECF #18); he was found not guilty on Count IV. See Jury Verdict (ECF #99).

Counts II and VI, which are at issue in the instant motion, were for violations of 18 U.S.C. § 924(c) based on allegations that Lofton carried a firearm during a "crime of violence." Count II charged him, pursuant to 18 U.S.C. §§ 924(c)(1) and 2 with carrying a firearm in furtherance of a conspiracy to affect interstate commerce by robbery in violation 18 U.S.C. § 1951(a) ("the Hobbs Act"):

> Between in or about July 2002 to in or about July 2003, at Rochester, in the Western District of New York the defendant, THOMAS TERRELL LOFTON, a/k/a "T-Real", did knowingly, willfully and unlawfully use and carry firearms during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count I of this Indictment. . . .

Second Superseding Indictment at 2-3.

Count VI charged a violation of 18 U.S.C. §§ 924(c)(1) and 2 as follows:

[O]n or about March 11, 2003, at Rochester, in the
Western District of New York the defendant, THOMAS
TERRELL LOFTON, a/k/a "T-Real", with others known and
unknown, did knowingly, willfully and unlawfully use,
carry and discharge a firearm during and in relation to
a crime of violence . . . , that is, a violation of Title
18, United States Code, Section 1951(a), as set forth in
Count V of this Indictment, the allegations of which are
incorporated herein by reference.

Count V in turn alleged that Lofton

did knowingly, willfully and unlawfully attempt to
obstruct, delay and affect, commerce, as that term is
defined in Title 18, United States Code, Section
1951(b)(3), and the movement of articles and commodities
in such commerce, by robbery, as that term is defined in
Title 18, United States Code, Sections 1951(b)(1), in
particular, the robbery of assets, including United
States currency and controlled substances, from an
individual engaged in the unlawful distribution and
possession of controlled substances[,] [a]ll in violation
of Title 18, United States Code, Section 1951(a) and 2.

Id.

Judge Larimer sentenced Lofton to 120 months' imprisonment on

Count VII; 180 months on Counts I, III, and V, to run concurrently

to Count VII; 84 months on Count II, to run consecutively to the

sentences imposed on Counts I, III, and V; 300 months on Count VI,

to run consecutively to the sentences imposed on Counts I, II, III

and V, for a total sentence of 564 months' (or 47 years')

imprisonment. In addition, Lofton was sentenced to 3 years of

supervised release on Counts I, III, V and VII, and 5 years of

supervised release on Counts II and VI, with the supervised release

terms to run concurrently with each other. See Minute Entry dated

May 17, 2006 (ECF #120).

The Second Circuit affirmed Lofton's convictions on direct appeal. United States v. Lofton, 275 F. App'x 30 (2d Cir. 2008) (summary order).

Lofton filed his § 2255 Motion following Johnson II, which struck down ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague; and Welch v. United States, 136 S. Ct. 1257 (2016), which held Johnson II to be a new substantive rule that applies retroactively on collateral review. Lofton asserted that § 924(c)(3)(B), commonly referred to as the "residual clause," is materially indistinguishable from ACCA's residual clause and likewise is unconstitutionally vague. Lofton argued that his § 924(c) convictions could no longer stand because the predicate crimes—conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery—only qualify as crimes of violence under the now-invalidated residual clause.

The Court granted Lofton's motion to stay the § 2255 Motion while the Second Circuit considered his motion for permission to file a second or successive habeas petition. After the Second Circuit granted his request, the stay was lifted in this Court.

The Government then filed a memorandum of law in regard to the § 2255 Motion, agreeing that Count II should be vacated. However, the Government disputes the propriety of vacating Count VI, arguing that attempted Hobbs Act robbery qualifies as a crime of violence under the still-valid "force" or "elements" clause, § 924(c)(3)(A).

Lofton filed a reply. He subsequently submitted an unpublished decision from the Eastern District of New York, United States v. Tucker, No. 18 CR 0119 (SJ), 2020 WL 93951 (E.D.N.Y. Jan. 8, 2020) (holding that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A), the force or elements clause). The Government has not responded to this supplemental authority.

## III. Scope of Review Under § 2255

Section 2255 provides, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a Section 2255 motion without a hearing if the motion and the record "conclusively show[,]" id., that the movant is not entitled to relief. See, e.g., Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court was not required to hold full testimonial hearing before deciding federal prisoner's motion to vacate, set aside or correct sentence based on claim of ineffective assistance of counsel alleging that counsel prevented him from exercising his right to testify on his own behalf, where prisoner

-5-

made only general allegation, and record was supplemented by detailed affidavit from trial counsel credibly describing circumstances concerning prisoner's failure to testify).

**IV. Merits of the § 2255 Motion**

> **A. Count II Must be Vacated Because Conspiracy to Commit Hobbs Act Robbery Is Not a Crime of Violence**

In <u>Davis</u>, the Supreme Court struck the residual clause, § 924(c)(3)(B), as "unconstitutionally vague." 139 S. Ct. at 2336. In the absence of the now-stricken residual clause, for an offense to qualify as a "crime of violence," it must fit into § 924(c)'s elements or force clause (§ 924(c)(3)(A)), meaning it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The Second Circuit recently held that <u>Davis</u> "compel[led] vacatur" of the defendant's § 924(c) conviction based on conspiracy to commit Hobbs Act robbery. <u>Barrett</u>, 937 F.3d at 129. The Government indicates its agreement with Lofton that, in light of <u>Barrett</u>, his § 924(c) conviction on Count II must be vacated since the predicate offense is conspiracy to commit Hobbs Act robbery. The Government joins Loftons's request for a full resentencing hearing. The Court agrees with the parties that Lofton's conviction on Count II has been rendered infirm because the predicate upon which it rests, conspiracy to commit Hobbs Act robbery, no longer

qualifies as a crime of violence. Therefore, Count II must be vacated.

**B.  Count VI Must Be Vacated Because Attempted Hobbs Act Robbery Is Not a Crime of Violence Under the Elements Clause**

### 1.  The Categorical Approach

To determine whether attempted Hobbs Act robbery is a "crime of violence" under § 924(c)'s elements clause, the Court must apply the "framework known as the categorical approach," which "assesses whether a crime is a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" <u>Johnson II</u>, 135 S. Ct. at 2557 (quoting <u>Begay v. United States</u>, 553 U.S. 137, 141 (2008)). Under the categorical approach, a court "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts,'" <u>Moncrieffe v. Holder</u>, 569 U.S. 184, 191 (2013) (quoting <u>Johnson v. United States</u>, 559 U.S. 133, 137 (2010) ("<u>Johnson I</u>"); citation omitted; alterations in original), qualify as a predicate offense under the relevant sentencing enhancement statute. <u>See</u> also, <u>e.g.</u>, <u>United States v. Hendricks</u>, 921 F.3d 320, 327 (2d Cir. 2019) ("[W]e evaluate whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence. In doing so, we focus only on the elements of the offense and do not consider the particular facts of the underlying crime.")

(citations omitted). The reviewing court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts" qualify the conviction as a predicate offense. Ming Lam Sui v. INS, 250 F.3d 105, 117–18 (2d Cir. 2001) (quotation omitted).

The sentencing enhancement at issue here is § 924(c), which criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory minimum sentences that must run consecutive to any other sentence. The statute, as written, provides that an offense may qualify as a crime of violence under either § 924(c)(3)(A), known as the "elements" or "force clause," or § 924(c)(3)(B), known as the "residual clause." In Davis, the Supreme Court extended its holdings in Johnson II and Sessions v. Dimaya, --- U.S. ----, 138 S. Ct. 1204 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and 18 U.S.C. § 16(b), is unconstitutionally vague. Davis, 139 S. Ct. at 2325–27, 2336. It appears that the elements or force clause remains valid after Davis. See id. at 2336.

Section 924(c)'s elements clause defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The felony offense to which the Court must apply the categorical approach is attempted Hobbs

Act robbery under 18 U.S.C. §§ 1951(a) and 2, as charged in the

second superseding indictment. The Hobbs Act provides that

> [w]hoever in any way or degree obstructs, delays, or
> affects commerce or the movement of any article or
> commodity in commerce, by robbery or extortion or
> attempts or conspires so to do, or commits or threatens
> physical violence to any person or property in
> furtherance of a plan or purpose to do anything in
> violation of this section shall be fined under this title
> or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). "Robbery" is defined in the Hobbs Act as

> the unlawful taking or obtaining of personal property
> from the person or in the presence of another, against
> his will, by means of actual or threatened force, or
> violence, or fear of injury, immediate or future, to his
> person or property . . . .

18 U.S.C. § 1951(b)(1).

Before applying the categorical approach, the Court must

determine whether the Hobbs Act is "divisible" or "indivisible." To

date, the Second Circuit has not answered this question. In <u>United

States v. Elvin Hill</u>, 890 F.3d 51, 55-56 (2d Cir. 2018) ("<u>Elvin

Hill</u>"), <u>cert. denied</u>, 139 S. Ct. 844 (2019), the Second Circuit

applied the categorical approach to completed Hobbs Act robbery,

noting that both sides agreed that the Hobbs Act, 18 U.S.C.

§ 1951(a), is divisible, while the definition of Hobbs Act robbery,

<u>id.</u> § 1951(b)(1), is indivisible. Courts in this Circuit and

elsewhere have reached this same conclusion. <u>See</u>, <u>e.g.</u>, <u>United

States v. Walker</u>, 314 F. Supp.3d 400, 409 (E.D.N.Y. 2018) ("The

Hobbs Act is a divisible statute. A defendant may be convicted of

-9-

Hobbs Act Robbery or Hobbs Act extortion. Hobbs Act Robbery is indivisible; it may be committed through multiple alternative means, robbery or violence in furtherance of a plan to commit robbery, but always as part of a single element."); Harrison Johnson v. United States, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *3 (D. Nev. July 19, 2018) ("Section 1951(a) contains disjunctive phrases that essentially create six functionally separate crimes: interference with commerce by robbery, interference with commerce by extortion, attempt to interfere with commerce by robbery, attempt to interfere with commerce by extortion, conspiracy to interfere with commerce by robbery, and conspiracy to interfere with commerce by extortion. Section 1951(b) which further defines 'robbery' for purposes of § 1951(a) is also disjunctive, but it does not contain alternative elements on which a jury must agree. Therefore, the Court will assume that the Hobbs Act is divisible but that Hobbs Act robbery is indivisible.").

The categorical analysis is complicated in this case by two factors. First, the offense charged, attempted Hobbs Act robbery, is an inchoate offense. See, e.g., United States v. Macias-Valencia, 510 F.3d 1012, 1014 (9th Cir. 2007) ("By definition, conspiracy and attempt are inchoate crimes that do not require completion of the criminal objective.") (citations omitted). To determine whether an inchoate offense qualifies as a crime of violence under § 924(c)'s elements clause, "'two sets of

elements are at issue: the elements of [the inchoate crime] and the elements of the underlying . . . offense.'" <u>United States v. Dinkins</u>, 928 F.3d 349, 358 (4th Cir. 2019) (considering whether common law inchoate offense of accessory before the fact of armed robbery qualified as a violent felony under ACCA's force clause) (quoting <u>United States v. McCollum</u>, 885 F.3d 300, 304-05 (4th Cir. 2018) (alteration, omission, and ellipsis in original; further quotation omitted)); <u>see also</u> <u>James v. United States</u>, 550 U.S. 192, 202-03 (2007) (in considering whether attempted burglary under Florida law was violent felony under ACCA's residual clause, first noting that in context of attempted burglary, Florida's attempt statute requires an "overt act directed toward entering or remaining in a structure or conveyance"; therefore, the "pivotal question . . . is whether overt conduct directed toward unlawfully entering or remaining in a dwelling, with the intent to commit a felony therein, is 'conduct that presents a serious potential risk of physical injury to another[,]' 18 U.S.C. § 924(e)(2)(B)(ii)"), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Johnson II</u>.[1]

The second complicating factor stems from the highly fact-bound nature of the Second Circuit's law on attempt liability. "There is no general federal statute proscribing attempt, and it is therefore actionable only where, as in the present case, a specific

---

[1] <u>James</u> analyzed whether attempted burglary was a crime of violence under the now-invalidated residual clause of ACCA.

criminal statute makes impermissible its attempted as well as actual violation." United States v. Manley, 632 F.2d 978, 987 (2d Cir. 1980) (citing United States v. York, 578 F.2d 1036, 1038 (5th Cir.), cert. denied, 439 U.S. 1005 (1978)). The Second Circuit has "adopted the view set forth in Section 5.01 of the American Law Institute's Model Penal Code (Proposed Official Draft 1962), that the requisite elements of attempt are [1] an intent to engage in criminal conduct and [2] the performance of acts which constitute a 'substantial step' towards the commission of the substantive offense." Manley, 632 F.2d at 987 (citing, inter alia, United States v. Jackson, 560 F.2d 112, 117-20 (2d Cir.), cert. denied, 434 U.S. 941 (1977)). "A substantial step must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. . . ." Id. (citing Jackson, 560 F.2d at 118-19).

The Second Circuit has explained that "[w]hether conduct represents a substantial step towards the fulfillment of a criminal design is a determination so dependent on the particular factual context of each case that, of necessity, there can be no litmus test to guide the reviewing courts." Manley, 632 F.3d at 988. The intensely fact-specific nature of federal attempt law seems wholly inconsistent with the categorical approach, which permits the Court to "look only to the statutory definitions'—i.e., the elements—of [the] . . . offense[ ], and not 'to the particular [underlying]

facts[,]" <u>Descamps v. United States</u>, 570 U.S. 254, 261 (2013).
Notwithstanding this perceived incongruity, the Court nevertheless
must apply the categorical approach here.

### 2. The Current Legal Landscape

The Second Circuit, along with every other circuit to have
considered the issue, has held that <u>completed</u> Hobbs Act robbery is
a crime of violence under § 924(c)'s elements or force clause.
<u>Elvin Hill</u>, 890 F.3d at 58-59. However, as of the date of this
Decision and Order, only the Eleventh Circuit has decided the
precise question at issue here—whether <u>attempted</u> Hobbs Act robbery
is a crime of violence under § 924(c)(3)(A). See <u>United States v.</u>
<u>St. Hubert</u>, 909 F.3d 335, 352 (11th Cir. 2018), <u>cert. denied</u>, 139
S. Ct. 1394 (2019) ("<u>St. Hubert II</u>"). In that case, the Eleventh
Circuit held that attempted Hobbs Act robbery is categorically a
crime of violence under § 924(c)(3)(A).

Citing the law on the requirements for being convicted of an
"attempt" of a federal crime, <u>St. Hubert II</u> noted that a defendant
"must (1) have the specific intent to engage in the criminal
conduct with which he is charged; and (2) have taken a substantial
step toward the commission of the offense that strongly
corroborates his criminal intent." 909 F.3d at 351 (citations
omitted). After finding Hobbs Act robbery to be an indivisible
statute, the Eleventh Circuit applied the categorical approach. In
so doing, it "look[ed] only to the elements of the predicate

offense statute and d[id] not look at the particular facts of the defendant's offense conduct." United States v. St. Hubert, 883 F.3d 1319, 1331 (11th Cir.), cert. denied, 139 S. Ct. 246 (2018) ("St. Hubert I"), and opinion vacated and superseded on other grounds by St. Hubert II, cert. denied, 139 S. Ct. 1394 (2019).

The Eleventh Circuit relied heavily on Michael Hill v. United States, 877 F.3d 717 (7th Cir. 2017) ("Michael Hill"), in which the petitioner argued that attempted murder was not a crime of violence under ACCA's elements clause, which is nearly identical to § 924(c)'s elements clause. The three key points extracted by the Eleventh Circuit from Michael Hill were that "(1) a defendant must intend to commit every element of the completed crime in order to be guilty of attempt, and (2) thus, 'an attempt to commit a crime should be treated as an attempt to commit every element of that crime[,]'" and (3) "[w]hen the intent element of the attempt offense includes intent to commit violence against the person of another, . . . it makes sense to say that the attempt crime itself includes violence as an element." St. Hubert II, 909 F.3d at 352 (quoting Michael Hill, 877 F.3d at 719; alterations and ellipsis in original).

The St. Hubert II panel emphasized that, like ACCA, "the definition of a crime of violence in the use-of-force [or elements] clause in § 924(c)(3)(A) explicitly includes offenses that have as an element the 'attempted use' or 'threatened use' of physical

force against the person or property of another." 909 F.3d at 351
(quoting 18 U.S.C. § 924(c)(3)(A)). Moreover, "the Hobbs Act itself
prohibits both completed and attempts to commit Hobbs Act robbery,
and such attempts are subject to the same penalties as completed
Hobbs Act robberies." Id. (citing 18 U.S.C. § 1951(a); Michael
Hill, 877 F.3d at 719). In other words, if "the taking of property
from a person against his will in the forcible manner required by
§ 1951(b)(1) necessarily includes the use, attempted use, or
threatened use of physical force, then by extension the attempted
taking of such property from a person in the same manner must also
include at least the 'attempted use' of force." St. Hubert II, 909
F.3d at 351 (citing United States v. Wade, 458 F.3d 1273, 1278
(11th Cir. 2006) (explaining that an attempt to commit a crime
enumerated as a violent felony under § 924(e)(2)(B)(ii) is also a
violent felony); Michael Hill, 877 F.3d at 718-19 ("When a
substantive offense would be a violent felony under § 924(e) and
similar statutes, an attempt to commit that offense also is a
violent felony."); United States v. Armour, 840 F.3d 904, 908-09
(7th Cir. 2016) (holding that attempted armed bank robbery
qualifies as a crime of violence under § 924(c)(3)(A)).

To date, almost every other district court to have considered
the issue has followed St. Hubert II. E.g., United States v.
Jefferys, No. 18-CR-359(KAM), 2019 WL 5103822, at *7 (E.D.N.Y. Oct.
11, 2019) (citing United States v. Chann, No. 99-CR-433(WBS)(AC),

-15-

2019 WL 3767649, at *5 (E.D. Cal. Aug. 9, 2019) ("Attempted Hobbs Act robbery is also widely recognized as a crime of violence under the [elements] clause."); United States v. Brown, No. 11-CR-63(HEH), 2019 WL 3451306, at *2 (E.D. Va. July 30, 2019) (concluding that attempted Hobbs Act robbery satisfies the elements clause); United States v. Edwards, No. 03-CR-204, 2019 WL 3347173, at *2 (E.D. Va. July 25, 2019) ("[A]ttempted Hobbs Act robbery constitutes a crime of violence under the elements clause."); see also Simmons v. United States, No. 08 CR. 1133 (AKH), 2019 WL 6051443, at *4 (S.D.N.Y. Nov. 15, 2019).

Very recently, however, a district court in the Eastern District of New York broke ranks and relied on one of the dissenting opinions in the St. Hubert matter. See United States v. Tucker, No. 18 CR 0119 (SJ), 2020 WL 93951, at *6 (E.D.N.Y. Jan. 8, 2020)[2] (citing United States v. St. Hubert, 918 F.3d 1174, 1212

---

[2]
The district court in Tucker stated that the district court in United States v. Alfonso, No. 3:17CR128 (JBA), 2019 WL 1916199 (D. Conn. Apr. 30, 2019), decided that attempted Hobbs Act robbery was not a crime of violence under § 924(c). Respectfully, the Court disagrees with this characterization of Alfonso. In this Court's reading of Alfonso, the question was whether the defendant was a career offender under the U.S. Sentencing Guidelines based on three prior felony convictions: his 2014 conviction for possession with intent to distribute, and distribution of, cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and his 2007 convictions for attempted robbery in the first degree and conspiracy to commit robbery in the first degree in violation of Conn. Gen. Stats. §§ 53a-48, 53a-49, 53a-133, and 53a-134. Alfonso, 2019 WL 1916199, at *1; see also id. at *4 ("[T]he question to be decided by . . . this Court—whether attempt and conspiracy in violation of Conn. Gen. Stats. §§ § 53a-48(a) and 49(a) 'ha[ve] as an element the use, attempted use, or threated [sic] use of physical force against the person of another'—is the same because the relevant definition of crime of violence is the same."). The district court held that attempted robbery under Conn. Gen. Stats. §§ 53a-48, 53a-49, 53-a-133, and 53a-134 was not a crime of violence under the elements clause, Guidelines § 4B1.2(a)(1) because the "statute itself [made] clear that the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of

-16-

(11th Cir. 2019) ("St. Hubert III") (Pryor, J., joined by Martin and Wilson, JJ., dissenting from denial of rehearing en banc)). In St. Hubert III, three Eleventh Circuit judges dissented from the denial of rehearing en banc as to St. Hubert II. In explaining why rehearing was necessary, Circuit Judge Jill Pryor faulted the panel for making "two right turns before it took a wrong turn," which "led to a logical and legal dead end." St. Hubert III, 918 F.3d at 1211. Judge Pryor agreed with both of the following propositions articulated by St. Hubert II—first, that "the definition of a crime of violence in [the elements clause] equates the use of force with attempted force, and thus the text of [the elements clause] makes clear that actual force need not be used for a crime to qualify" as a crime of violence; and second, that "a completed Hobbs Act robbery itself qualifies as a crime of violence under [§ 924(c)'s elements clause] and, therefore, attempt to commit Hobbs Act robbery requires that St. Hubert intended to commit every element of Hobbs Act robbery[.]" St. Hubert III, 918 F.3d at 1211 (quotation omitted; alteration in original).

Where the St. Hubert II panel and the Seventh Circuit in Michael Hill "went wrong" was in concluding that "when a substantive offense qualifies as a violent felony under [§ 924(c)'s elements clause], an attempt to commit that offense also is a violent felony." St. Hubert III, 918 F.3d at 1212 (quotation and

violence whatsoever." Alfonso, 2019 WL 1916199, at *3.

citation omitted; alteration in original). Judge Pryor elaborated that

> [l]ogic permits no inference from the fact of a conviction for an attempt crime that the person attempted to commit every element of the substantive offense. The panel was able to bridge this logical gap only by converting <u>intent</u> to commit each element of the substantive offense (proof of which is necessary to convict someone of an attempt crime) into attempt to <u>commit</u> each element of the substantive offense (which is not necessary to convict someone of an attempt crime). <u>Intending</u> to commit each element of a crime involving the use of force simply is not the same as <u>attempting</u> to commit each element of that crime.

St. Hubert III, 918 F.3d at 1212 (emphases in original); <u>see also</u> <u>Hylor v. United States</u>, 896 F.3d 1219, 1225 (11th Cir. 2018) (Jill Pryor, J. concurring in result; making same argument as in <u>St. Hubert III</u>), <u>cert.</u> <u>denied</u>, 139 S. Ct. 1375 (2019).

Like the district court in <u>Tucker</u>, this Court finds Judge Pryor's critique of <u>St. Hubert II</u> to be compelling. Significantly, what is missing from <u>St. Hubert II</u> is a true application of the categorical approach. <u>See</u> <u>Tucker</u>, 2020 WL 93951, at *6 (noting that <u>St. Hubert II</u>, and <u>Michael Hill</u>, on which it relied, made "broad rulings" that did not involve application of the categorical approach). The district court cases that have favorably relied on <u>St. Hubert II</u> likewise have not applied the requisite categorical approach. For instance, in <u>Jefferys</u>, the defendant did not "actually apply the categorical approach, or <u>Davis</u>, to provide a jurisprudential foundation for his argument," and consequently, the district court "never applied the categorical analysis itself."

_Tucker_, 2020 WL 93951, at *6 (citing _Jefferys_, _supra_). The Court agrees with the district court in _Tucker_ that "an absolute rule (i.e. that an attempt to commit any violent crime will necessarily be itself a violent crime) seems at odds with the requirements of the categorical analysis in which a court must examine 'the minimum criminal conduct necessary for conviction <u>under a particular statute</u>.'" _Tucker_, 2020 WL 93951, at *6 (quoting <u>United States v. Hendricks</u>, 921 F.3d 320, 327 (2d Cir. 2019) (emphasis added in _Tucker_)). Moreover, "[t]his is especially true given the 'wide[ ] . . . ambit of attempt liability,' under federal law." <u>Id.</u> (quoting <u>Farhane</u>, 634 F.3d at 146).

The district court in _Tucker_ began its application of the categorical approach by examining what constitutes the minimum conduct that can impose criminal liability for attempted Hobbs Act robbery. _Tucker_ agreed with the defendant, who, "[r]elying on _Jackson_," 560 F.2d 112, _supra_, "reasonably interpret[ed] 'surveillance' as the 'minimum criminal conduct,' necessary to convict for attempted Hobbs Act robbery." <u>Tucker</u>, 2020 WL 93951, at *6 (quotation to record omitted). <u>Jackson</u>, 560 F.2d 112, _supra_, did not involve a conviction for attempted Hobbs Act robbery; rather, it was a case involving a sufficiency of the evidence challenge to a conviction for attempted bank robbery under a different federal

statute, 18 U.S.C. § 2113(a).[3] The Second Circuit found that there was sufficient evidence to support the convictions because on "two separate occasions," the defendants "reconnoitered the place contemplated for the commission of the crime and possessed the paraphernalia to be employed in the commission of the crime[:] loaded sawed-off shotguns, extra shells, a toy revolver, handcuffs, and masks . . . specially designed for such unlawful use and which could serve no lawful purpose under the circumstances. . . . [E]ither type of conduct, standing alone, was sufficient as a matter of law to constitute a 'substantial step' if it strongly corroborated their criminal purpose." Jackson, 560 F.2d at 120. The Tucker court concluded that since reconnoitering a target or possessing paraphernalia to be used in commission of the crime can constitute a "substantial step" in the Second Circuit, "the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of violence." Tucker, at 2020 WL 93951, at *6 (quotation omitted).

---

[3] Section 2113(a) is violated when a defendant "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . . or . . . . enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny[.]" 18 U.S.C. § 2113(a).

This Court questioned how apposite <u>Jackson</u>'s substantial step analysis was to attempted Hobbs Act robbery since it appears that the defendants in <u>Jackson</u> were charged with the second clause of 18 U.S.C. § 2113(a), which does not mention taking or attempted taking by force, violence, or intimidation. <u>See Jackson</u>, 560 F.2d at 113 (noting that the counts at issue charged "violation[s] of 18 U.S.C. ss 2113(a) and 2"). However, the Second Circuit has applied <u>Jackson</u>'s substantial step analysis in cases involving sufficiency of the evidence challenges to convictions under the Hobbs Act for attempted robbery. <u>E.g.</u>, <u>United States v. Gonzalez</u>, 441 F. App'x 31 (2d Cir. 2011) (summary order) (citing <u>Jackson</u> and holding that legally sufficient evidence supported element of attempted robbery; affirming convictions for attempted Hobbs Act robbery).

A review of <u>Gonzalez</u> demonstrates that the "substantial steps" taken by the defendants towards committing Hobbs Act robbery did not involve "the use, attempted use, or threatened use of physical force[,]" § 924(c)(3)(A). One of the defendants, Richardson, argued that there was insufficient evidence of attempted robbery, but the Second Circuit rejected that contention. According to the panel, the trial evidence, including testimony from one Franco, a co-conspirator who had pleaded guilty, as well as the physical evidence obtained at the crime scene, established that "at the time they were arrested the defendants (1) intended to rob Media Plaza, (2) were in possession of the tools necessary to do so (including

-21-

guns, latex gloves, duct tape, and ski masks), and (3) had arrived at the scene of the planned robbery." Gonzalez, 441 F. App'x at 36. In addition, "[t]he evidence also showed that the defendants and their co-conspirators had cased Media Plaza," and one of the defendants, Gonzalez, "had exited the car twice to scope out the area" and "had already put on latex gloves, from which the jury could reasonably infer that the robbery was imminent." Id. The Second Circuit concluded that the defendants' "reconnoitering at the scene of the contemplated crime while in possession of paraphernalia which, under the circumstances, could serve no lawful purpose (including a real firearm, a starter pistol, and ski masks) constitute[d] a substantial step, and amply corroborate[d] their criminal purpose." Id. (citing Jackson, 560 F.2d at 120-21). Accordingly, the Second Circuit held, the evidence was sufficient to convict the defendants of attempted robbery. Id.

Similarly, in United States v. Paris, 578 F. App'x 146, 147 (3d Cir. 2014) (unpublished opn.), the defendant challenged the sufficiency of the evidence supporting his conviction for attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2. The panel determined that the following evidence presented at trial demonstrated that Paris acted with the requisite intent to rob the convenience store and took a substantial step toward commission of the robbery: Paris entered the store in a disguise of a multi-colored knit cap with dreadlocks, sunglasses, and multiple

layers of clothing on a warm night, had his hand in his pocket next to a handgun (which was observed by a store clerk), saw that the cash register was unattended, and lingered at the newsstand before asking for a newspaper and walking out. Paris, 578 F. App'x at 148 & n.2. The Third Circuit found that a rational jury could have inferred that Paris intended to rob the store but did not complete his attempt because there was no one at the register to retrieve the money and that his entry into a store in a disguise with a hand near a gun was a substantial step toward commission of the robbery; the jury also could have inferred that Paris was "casing" the robbery location, which other circuits have held crosses the line from "mere preparation" to a "substantial step." Id. (citations omitted).

None of the actions in Gonzalez, 441 F. App'x 31, or Paris, 578 F. App'x 146, that were found to constitute a substantial step toward committing Hobbs' Act robbery entailed the use, threatened use, or attempted use of force. This is unsurprising because attempt under federal law consists of more than overt actions (or omissions)—it also encompasses the defendant's mental state. See Manley, 632 F.3d at 987–88 (stating that a substantial step "must . . . be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute"). Indeed, under the Model Penal Code, adopted by the Second Circuit,

"[c]onduct shall not be held to constitute a substantial step . .
. unless it is strongly corroborative of the actor's criminal
purpose." Jackson, 560 F.2d at 118 (quotation omitted).

As Judge Pryor explained in St. Hubert III,

[i]ntending to commit each element of a crime involving
the use of force simply is not the same as attempting to
commit each element of that crime.

St. Hubert III, 918 F.3d at 1212 (emphases in original). While
proof of intent to commit each element of the substantive offense
is necessary to convict someone of an attempt crime, proof of
attempt to commit each element of the substantive offense is not.
Id. This is illustrated by Gonzalez, supra, and Paris, supra. In
those cases, there was proof of the defendants' intent to commit
the minimum conduct specifically chargeable as a Hobbs Act robbery,
namely, "the act of taking or obtaining property from another
person, or in their presence, against their will by creating a fear
of injury." United States v. Hancock, 168 F. Supp.3d 817, 824 (D.
Md. 2016), aff'd, No. 16-4122, 2019 WL 4733401 (4th Cir. Sept. 27,
2019). However, as Gonzalez, 441 F. App'x 31, and Paris, 578 F.
App'x 146, make clear, it was not necessary, in order to sustain
the convictions as supported by legally sufficient evidence, to
introduce proof that the defendants attempted to actually commit
the act of taking property from another person, in their presence,
against their will, by creating in them a fear of injury.

The Court is mindful that "the Supreme Court has made clear in employing the categorical approach that to show a predicate conviction is not a crime of violence 'requires more than the application of legal imagination to [the] . . . statute's language.'" Elvin Hill, 890 F.3d at 56 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007); ellipsis in original). As relevant to this case, "there must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence." Id. (quoting Gonzales, 539 U.S. at 193). "To show that a particular reading of the statute is realistic, a defendant 'must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues.'" Id. (quoting Gonzales, 539 U.S. at 193; ellipsis in original). The decisions in Gonzalez, 441 F. App'x 31, supra, and Paris, 578 F. App'x 146, supra, show much more than a realistic probability that attempted Hobbs Act robbery could be applied to conduct that does not constitute a crime of violence under § 924(c)(3)(A). Because attempted Hobbs Act robbery does not categorically entail the use, threatened use, or attempted use of force, the Court concludes that Lofton's conviction under §§ 1951(a) and 2 is not a crime of a violence under § 924(c)(3)(A) and cannot be a predicate for his § 924(c) conviction on Count VI. Therefore, Count VI must be vacated.

## V. Conclusion

For the foregoing reasons, the Court finds that Lofton's convictions on Counts II and VI violate Due Process and that he is entitled to relief under § 2255(b) in the form of a resentencing hearing to be held as soon as practicable. Accordingly, the Court **grants** Lofton's § 2255 Motion (ECF #193); **vacates** the judgments of conviction on Counts II and VI; and transfers the case for a resentencing proceeding to the original sentencing judge, Hon. David G. Larimer, United States District Judge. The Clerk of Court is directed to close <u>Lofton v. United States</u>, No. 6:16-cv-06324-MAT.

**SO ORDERED.**

*S/ Michael A. Telesca*

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     January 22, 2020
           Rochester, New York