UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                           Plaintiff,

                           v.

THOMAS TERRELL LOFTON,

                           Defendant.

_____

<u>DECISION AND ORDER</u>

04-CR-6063L

Defendant, Thomas Terrell Lofton ("Lofton"), has filed a motion for an order that would, in effect, return to defendant $700 that he has paid in connection with his previously-imposed sentence in this case. For the reasons that follow, the motion is denied for lack of subject matter jurisdiction.

**PROCEDURAL BACKGROUND**

In November 2005, Lofton was found guilty after trial of a number of Hobbs Act and firearms offenses, which were charged in Counts 1, 2, 3, 5, 6 and 7 of the indictment. Of particular relevance to the present motion, Count 1 charged Lofton with conspiracy to commit Hobbs Act robberies, and Count 2 charged him with using and carrying a firearm in furtherance of that conspiracy. Count 5 charged defendant with attempted Hobbs Act robbery, and Count 6 charged him with carrying a firearm in furtherance of that attempted robbery.

On May 24, 2006, the Court entered judgment against defendant (Dkt. #122).  In addition to a 47-year prison sentence, the judgment required Lofton to pay a $500 fine on each of Counts 1, 2, 3 and 5 (for a total fine of $2000), and a $100 special assessment on each of the six counts of conviction ($600 in total).

On January 22, 2020, the Court (Telesca, J.) issued a Decision and Order (Dkt. #210) granting defendant's motion for relief under 28 U.S.C. § 2255.  Based on recent Supreme Court and Second Circuit authority, the Court held that the offenses charged in Counts 1 and 5–conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery–are no longer "crimes of violence." Because Counts 2 and 6 both charged violations of 18 U.S.C. § 924(c), which by its terms requires a predicate crime of violence, the Court held that the convictions on those two counts had to be vacated, and that Lofton should be resentenced.

On January29, 2021, I issued an amended judgment of conviction on Counts 1, 3, 5 and 7, consistent with Judge Telesca's Decision and Order.  (Dkt. #249.)  The Court imposed fines of $500 on each of those four counts, for a total of $2000.  The Court also imposed a $100 special assessment on each count, for a total of $400.  Both Lofton and the government have filed notices of appeal from the amended judgment to the Court of Appeals for the Second Circuit.  (Dkt. #244, #253.).

On May 13, 2021, the Court of Appeals issued an order granting Lofton's motion (to which the government consented) to hold the appeals in abeyance pending the Supreme Court's decision in *United States v. Taylor*, No. 20-1459.  *Taylor* is an appeal from a Fourth Circuit decision holding that attempted Hobbs Act robbery is not categorically a "crime of violence," as required to support a conviction for using a firearm in furtherance of a crime of violence.  *See United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020).  The Second Circuit has since held that "Hobbs Act attempted robbery

qualifies as a crime of violence under § 924(c) ... ."  *United States v. McCoy*, 995 F.3d 32, 57 (2d

Cir. 2021).  At this point, then, Lofton's appeal and the government's cross-appeal have been stayed.

## DISCUSSION

In Lofton's present motion before this Court, which was filed on April 21, 2021, he contends

that since his convictions on Counts 2 and 6 have been vacated, the $500 fine imposed on Count 2

and the $100 special assessments imposed on each of those counts (which, he asserts, have been paid

from wages he earned in prison) should be returned to him.  In response, the government principally

contends that this Court lacks jurisdiction to decide the motion, because of the pendency of the

appeal.  I agree with the government, and accordingly deny Lofton's motion for lack of subject

matter jurisdiction.

"As a general matter, the filing of a notice of appeal 'confers jurisdiction on the court of

appeals and divests the district court of its control over those aspects of the case involved in the

appeal.'" *United States v. Jacques*, 6 F.4th 337, 342 (2d Cir. 2021) (quoting *Griggs v. Provident*

*Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (alteration omitted).  "It is not 'tolerable' to have

'a district court and a court of appeals ... simultaneously analyzing the same judgment,' *i.e.*, to have

'situations ... in which district courts and courts of appeals would both have ... the power to modify

the same judgment.'" *Id.* (quoting *Griggs*, 459 U.S. at 59-60).  "A district court will not regain

jurisdiction until the issuance of the mandate by the clerk of the court of the appeals."  *United States*

*v. Vigna*, 455 F.Supp.3d 68, 72 (S.D.N.Y. 2020) (citing *United States v. Rodgers*, 101 F.3d 247, 251

(2d Cir. 1996)).

"[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters ... ." *United States v. Goolsby*, 820 F.App'x 47, 51 (2d Cir. 2020) (quoting *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004)), *cert. denied*, 2021 WL 2519283 (U.S. June 21, 2021).  Lofton's present motion, however, can hardly be called "collateral" to his appeal.  The relief sought here relates directly to his sentence, which is the subject of his appeal.  *See* Dkt. #244 (defendant's notice of appeal, stating that appeal is taken from "sentence only").  This Court therefore has no jurisdiction even to consider the merits of Lofton's motion.[1]

## CONCLUSION

Defendant's motion for release of funds (Dkt. #258) is denied for lack of subject matter jurisdiction.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      September 10, 2021.

---

[1] My decision in this regard renders it unnecessary for the Court to address the government's alternative argument that Lofton's motion should be denied on the merits.